**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CALEB GARRETT, as Owner and
Operator of the Crestliner 16-foot
Fishing Boat, Vessel Official
Number MT3657AV,
            *Plaintiff-Appellant.*

No. 20-35127

D.C. No.
6:19-cv-0081-SEH

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted October 29, 2020[*]
Portland, Oregon

Filed December 2, 2020

Before:  A. Wallace Tashima, Susan P. Graber, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Tashima

---

[*] The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

## SUMMARY[**]

### Admiralty

The panel affirmed the district court's dismissal, for lack of jurisdiction, of an admiralty action seeking exoneration from or limitation of liability for a boating accident that occurred on Holter Lake, which is located on a stretch of the Missouri River that is completely obstructed by two dams.

The panel held that a party invoking federal admiralty jurisdiction over a tort claim must satisfy both a location test and a connection test. The panel held that the complaint failed the location test because the boating accident did not occur on navigable waters, defined as waters that "form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water."

## COUNSEL

David E. Russo, Lewis Brisbois Bisgaard & Smith LLP, San Diego, California; Thomas A. Marra, Marra Evenson & Levine LLP, Great Falls, Montana; for Plaintiff-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

TASHIMA, Circuit Judge:

Caleb Garrett filed a complaint for exoneration from or limitation of liability under 46 U.S.C. §§ 30501–30512, invoking the district court's admiralty jurisdiction, 28 U.S.C. § 1333(1). The district court dismissed his complaint for want of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, we review de novo, *Rattlesnake Coal. v. U.S. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007), and we affirm.

"A party seeking to invoke federal admiralty jurisdiction over a tort claim must satisfy both a location test and a connection test." *In re Mission Bay Jet Sports, LLC*, 570 F.3d 1124, 1126, (9th Cir. 2009) (internal quotation marks omitted). Here, the complaint fails the location test. Under the location test, "[t]he tort must occur on navigable waters." Waters are navigable "when they form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water." *The Daniel Ball*, 77 U.S. (10 Wall.) 557 (1870).

It is undisputed that this boating accident occurred on Holter Lake, that Holter Lake is located on a stretch of the Missouri River located wholly within Montana, and that this stretch of river is "completely obstructed by Hauser dam at one end and by Holter dam at the other," precluding it from serving as an artery of interstate commerce. *Adams v. Mont. Power Co.*, 528 F2d 437, 439 (9th Cir. 1975). Consequently, Holter Lake is not navigable for purposes of admiralty jurisdiction, and "[a] cause of action sounding in tort is not

cognizable under admiralty jurisdiction unless the alleged wrong occurs on navigable waters." *Id.* Thus, because the alleged tort here did not occur on navigable waters, the complaint here is not cognizable under the district court's admiralty jurisdiction.[1]

Garrett urges us to reject *Adams*' "outdated view of the locality test," but because *Adams* has not been overruled by a higher authority, it remains binding precedent. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). Further, the cases on which Garrett relies are readily distinguishable. In *Sanders v. Placid Oil Co.*, 861 F.2d 1374, 1377–78 (5th Cir. 1988), the river was navigable because it served as an artery of interstate commerce during significant portions of the year. In *Sawczyk v. U.S. Coast Guard*, 499 F. Supp. 1034, 1039 (W.D.N.Y. 1980), the river was navigable because it formed an international boundary between the United States and Canada. In *Mission Bay Jet Sports*, 570 F.3d at 1127, the body of water was navigable because it was "open to the Pacific Ocean," "subject to the ebb and flow of tides," and "neither enclosed nor obstructed." And in *Taghadomi v. United States*, 401 F.3d 1080, 1086 (9th Cir. 2005), the accident occurred at sea, in waters off Hawaii.

Garrett points out that maritime jurisdiction can extend to recreational boating.[2] *See Foremost Ins. Co. v. Richardson*,

---

[1] Garrett's argument that "the Coast Guard has designated Holder Lake a navigable waterway for purposes of its regulatory jurisdiction," citing 33 C.F.R. § 66.05-100, is inapposite. The regulation has no effect on federal courts' admiralty or maritime jurisdiction under 28 US.C. § 1333.

[2] The accident here involved a recreational fishing boat.

457 U.S. 668, 674 (1982). Regardless of the type of vessel or activity involved, however, the tort "must occur on or over navigable waters." *Taghadomi*, 401 F.3d at 1084. As we explained in *Mission Bay Jet Sports*, "[t]he tort must occur on navigable waters *and* bear a 'significant relationship to traditional maritime activity.'" 570 F.3d at 1126 (emphasis added) (quoting *Foremost*, 457 U.S. at 674).

Because Garrett has not met the location test for navigable waters, we need not reach the connection test. The district court properly dismissed this action for lack of jurisdiction under 28 U.S.C. § 1333(1).

**AFFIRMED.**